IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOARD OF TRUSTEES OF          *
OPERATING ENGINEERS LOCAL 37
BENEFIT FUND          *

    Plaintiff,          *

v.          *     Case No. WDQ-09-3123

FRATERNAL ORDER OF EAGLES          *
CUMBERLAND #245
         *
    Defendant.
         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (ECF No. 14.) Currently pending is plaintiff's Application for Entry of Judgment by Default. (ECF No. 13.) No hearing is deemed necessary. See Fed. R. Civ. P. 55(b)(2). For the reasons discussed herein, I respectfully recommend that plaintiff's motion (ECF No. 13) be GRANTED and that damages be awarded as set forth herein.

### I. BACKGROUND

On November 24, 2009, plaintiff Board of Trustees of Operating Engineers Local 37 Benefit Fund ("plaintiff") filed suit against defendant Fraternal Order of Eagles Cumberland #245 ("defendant"), seeking to collect unpaid employee benefit contributions owed by defendant pursuant to a collective bargaining agreement. (Compl. ECF No. 1.) According to plaintiff's Complaint, the International Union of Operating Engineers Local 37, AFL-CIO ("union") and defendant are each signatories to a collective bargaining agreement. (Id. ¶ 4.) Plaintiff sponsors

and administers an employee benefit plan for union members who are employed by organizations participating in the plan. (Id. ¶ 6.) Under the terms of the collective bargaining agreement and employee benefit plan, each participating employer is required to make monetary contributions to plaintiff each month, based on the number of hours worked by each covered union member employee. (Id. ¶ 7.) In its Second Amended Complaint, plaintiff claims that defendant employed union members on a construction project from July 2009 through May, 2010. (2d Am. Compl., ECF No. 9 ¶ 9.) Plaintiff further claims that defendant failed to remit the requisite monetary contributions during this time period, despite plaintiff's repeated demands for payment.[1] (Id. ¶¶ 10-13.) Accordingly, plaintiff alleges that "Defendant has breached its obligations to Plaintiff with respect to the collective bargaining agreement and the [employee benefit plan]" and seeks damages pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2). (Id. ¶ 14-15.)

On July 13, 2010, plaintiff served the State Department of Assessments and Taxation ("SDAT"), authorized to accept service on defendant's behalf, with plaintiff's Second Amended Complaint and Summons. (Powell Aff., ECF No 11 ¶ 2.) After defendant failed to file an Answer or otherwise defend, plaintiff filed a Request for Order of Default, which the Clerk granted on August 13, 2010. (ECF Nos. 10 & 12.) Plaintiff thereafter filed an Application for Entry of Judgment by Default on October 21, 2010 and supporting memorandum (ECF Nos. 13 & 13-1.) In support thereof, plaintiff filed (1) an Affidavit of Catherine Bacastow, Accounts Supervisor of Decision Science, Inc., Administrator of the Operating Engineers Local 37 Benefit Fund, (ECF No. 13 Ex. A); (2) a copy of the collective bargaining agreement, authorizing the

---

[1] Plaintiff notified defendant on May 12, 2010 that, effective June 1, 2010, plaintiff was terminating defendant's coverage under the collective bargaining agreement and, as such, no additional unpaid contributions have accrued. (Pl.'s Status Report, May 25, 2010, ECF No. 8.)

2

recovery of interest on unpaid contributions at a rate of 18% per annum (ECF No. 13 Ex. B); (3) an Interest Worksheet calculating the interested owed by defendant on its delinquent contributions (ECF No. 13 Ex. C); and (4) a Declaration of counsel itemizing plaintiff's attorney's fees (ECF No. 13 Ex. D). In its motion for default judgment, plaintiff seeks damages in the amount of $20,082.33, which includes defendant's unpaid contributions totaling $13,515.00, interest on the unpaid contributions in the amount of $2,046.33, liquidated damages of $2,703.00 (calculated at 20% of the unpaid contributions), $1,468.00 in attorney's fees, and $350.00 in costs of suit. (ECF No. 13-1.) On October 25, 2010, Judge Quarles referred plaintiff's motion to the undersigned to review and to make recommendations concerning damages. (ECF No. 14.)

## II. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id.; see also 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P.

55(b)(2). The court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record for the award. See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute an abuse of discretion when the existing record is insufficient to make the necessary findings in support of a default judgment."); Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum). In addition, with respect to the character of the amount and judgment, Rule 54(c) of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In sum, the court must (1) determine whether the unchallenged facts in plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) make an independent determination regarding the appropriate amount of damages.

### III. DISCUSSION

#### a. Defendant's Liability

Plaintiff brings this claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1145. These Acts authorize parties to enforce the provisions of their collective bargaining agreements. 29 U.S.C. § 185 provides jurisdiction in United States district courts over suits alleging violations of a contract between an employer and a labor organization. 29 U.S.C. § 1145 mandates that employers subject to a multi-employer plan or collective bargaining agreement shall make contributions in accordance with the terms of the plan or agreement. 29 U.S.C. § 1132(g)(2) provides for the recovery of damages in any action brought to enforce the

4

payment of delinquent contributions.

As set forth in plaintiff's Second Amended Complaint, defendant has failed to make proper contributions to plaintiff on behalf of covered union member employees, as required under the parties' collective bargaining agreement, and as such, defendant has breached its obligations to plaintiff. (2d Am. Compl. ¶¶ 9-14.) Accepting as true these well-pleaded allegations, the undersigned concludes that plaintiff is entitled to pursue its statutory remedies under 29 U.S.C. § 1132(g)(2).

### b. **Damages**

29 U.S.C. § 1132(g)(2) provides that when a plaintiff prevails in an ERISA action to enforce the payment of delinquent contributions due to an employee benefit plan, the court *shall* award the plan:

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of--

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (emphasis added).

Plaintiff seeks $13,515.00 in outstanding contributions, pursuant to § 1132(g)(2)(A). (ECF No. 13-1.) In support of this request, plaintiff submits an Affidavit of Catherine Bacastow,

Accounts Supervisor of Decision Science, Inc., Administrator of the Operating Engineers Local 37 Benefit Fund, who states that "[u]pon information and belief, the amount of monetary contributions due and owing to the Fund for [the period from July 2009 through May 2010] is [$13,515.00]". (Id. Ex. A at 2.) I accept Ms. Bacastow's sworn representations as to the accuracy of the amount of defendant's unpaid contributions. Accordingly, I recommend granting this request.

Plaintiff also requests interest on the unpaid contributions of $2,046.33. (ECF No. 13-1 at 2.) Section 1132(g)(2)(B) authorizes the recovery of interest on unpaid contributions, the amount of which "shall be determined by using the rate provided under the plan." § 1132(g)(2). In support of this request, plaintiff attaches the Baltimore Addendum to the Collective Bargaining Agreement, Paragraph 13, Section 7, which establishes an annual percentage rate of 18% interest on unpaid contributions. (ECF No. 13 Ex. B.) Plaintiff also submits an Interest Worksheet, calculating the amount of interest owed on each unpaid monthly contribution from the dates the payments were due through October 19, 2010. (ECF No. 13 Ex. C.) I accept plaintiff's calculations as to the amount of interest owed and recommend granting this request.

Plaintiff also seeks liquidated damages at a rate of 20% of the unpaid contributions, an amount totaling $2,703.00. (ECF No. 13-1.) This amount is expressly authorized under § 1132(g)(2)(C), and accordingly, I recommend granting this request.

Finally, plaintiff requests $1,468.00 in attorney's fees and $350.00 in costs of suit, pursuant to § 1132(g)(2)(D). (ECF No. 13-1.) In order to properly determine an award of attorney's fees, the court must calculate the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." Grissom v. The Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008). The plaintiff must demonstrate that "the number of hours for which [they]

6

seek[] reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." Travis v. Prime Lending, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008).

In support of its request for attorney's fees, plaintiff submits a Declaration of Robin G. Banks, an attorney with the law firm of Goldberg, Besche & Banks P.C. and counsel of record for plaintiff, who avers that "[t]his firm has expended 1.0 hours at the rate of $205.00 per hour, or $205.00, and 4.9 hours at the rate of $250.00 per hour, or $1,225.00, plus $38.00 in disbursements, on this case for a total of $1,468.00." (ECF No. 13 Ex. D.) I have reviewed plaintiff's counsel's declaration and conclude that the amount of time spent on this case and the fees requested are reasonable. Accordingly, I recommend granting this request. I also find that plaintiff's request for $350.00 in costs of suit is reasonable and recommend granting this request. See Schedule of Fees, http://www.mdd.uscourts.gov/publications/Forms/ScheduleofFees.pdf (June 29, 2009) (cost of filing a civil action in this court is $350.00).

### IV. CONCLUSION

In sum, I recommend that:

1. The court GRANT plaintiff's Application for Entry of Judgment by Default (ECF No. 13); and

2. The court award plaintiff $13,515.00 in damages for unpaid contributions, $2,046.33 in interest, $2,703.00 in liquidated damages, $1,468.00 in attorney's fees, and $350.00 for the costs of this suit, for a total judgment of $20,082.33.

I also direct the Clerk to mail a copy of this Report and Recommendation to both defendant Fraternal Order of Eagles Cumberland #245 and the State Department of Assessments and Taxation at the addresses listed on plaintiff's Second Amended Complaint (ECF No. 9).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:   11/18/10                                   /s/                     
                                            Beth P. Gesner
                                            United States Magistrate Judge